UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| Appeal Number | 26-1066 |
|---|---|
| Case Name | Astro Companies, LLC v. WestFax, Inc et. al. |
| Party or Parties Filing Notice of Appeal Or Petition | Astro Companies, LLC |
| Appellee(s) or Respondent(s) | Astro Companies, LLC |
| List all prior or related appeals in this court with appropriate citation(s). | |

## I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

## A. APPEAL FROM DISTRICT COURT

**1.** Date final judgment or order to be reviewed was **entered** on the district court docket:   February 9, 2026

**2.** Date notice of appeal was **filed**:   March 6, 2026

**3.** State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority):  **Fed. R. App. P. 4(a)(4)**

**a.** Was the United States or an officer or an agency of the United States a party below?   No

**b.** Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:   N/A

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   <u>March 7, 2025</u>

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   <u>February 9, 2026</u>

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. <u>Yes</u>

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   _____

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? _____

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? _____ _____

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   <u>N/A</u>

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). _____
   <u>N/A</u>

**B. REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.** Date of the order to be reviewed: _____

    **2.** Date petition for review was filed: _____

    **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C. APPEAL OF TAX COURT DECISION**

    **1.** Date of entry of decision appealed:_____

    **2.** Date notice of appeal was filed:_____
          (If notice was filed by mail, attach proof of postmark.)

    **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)_____

## II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

**A.** Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

**B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

**C.** Describe the sentence imposed. _____

_____

**D.** Was the sentence imposed after a plea of guilty? _____

**E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

**F.** Is the defendant on probation or at liberty pending appeal? _____

**G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

### III. NATURE OF THE UNDERLYING CASE AND RESULT BELOW

This is an appeal from a civil action brought under the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227(b)(1)(C). Appellant Astro Companies, LLC ("Astro") is an Illinois limited liability company that provides HIPAA-compliant online fax services to healthcare practices and hospitals. Astro owns and operates fax server hardware, software, and telephone services—including equipment with the capacity to transcribe text or images from an electronic signal received over a regular telephone line onto paper. Astro is not, and has never been, a subscriber to any online fax service; it is the owner and end user of the fax numbers and receiving equipment at issue. Appellees WestFax, Inc. ("WestFax") and Duck Dive Communications LLC d/b/a JBlast ("Duck Dive") are commercial fax broadcasting entities. Appellees Barry Clark (owner and founder of WestFax and Duck Dive) and Chad Matheson (a WestFax employee) are individual principals and employees of those entities.

Astro alleged that Appellees violated the TCPA by sending or causing to be sent "bursts" of unsolicited junk fax advertisements to Astro's fax telephone numbers—numbers unassigned to any customers—thereby consuming Astro's resources and preventing legitimate faxes from being transmitted or received.

Each Appellee moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). ECF Nos. 37, 38, 39, 54. On February 12, 2025, the United States District Court for the District of Colorado (Judge S. Kato Crews) granted Appellee Matheson's Motion to Dismiss for failure to state a claim under Rule 12(b)(6), finding that Astro, as an online fax service provider, does not qualify as a "telephone facsimile machine" under 47 U.S.C. § 227(a)(3), and therefore cannot state a TCPA claim. Because the court found its reasoning applied equally to all Appellees, it denied the remaining Motions to Dismiss (ECF Nos. 37, 38, 39) as moot and dismissed all claims with prejudice. ECF Nos. 70, 71.

Appellant timely filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) on March 7, 2025. ECF No. 72. On February 9, 2026, the district court denied the Motion for Reconsideration. ECF No. 80. Appellant filed this Notice of Appeal on March 6, 2026, within 25 days of the February 9, 2026 order. ECF No. 81.

### IV. ISSUES TO BE RAISED ON APPEAL

1.  Whether the district court erred in holding that Appellant Astro Companies, LLC—an online fax service provider whose equipment receives electronic signals over telephone lines and has the capacity to transcribe them onto paper—does not qualify as a "telephone facsimile machine" under 47 U.S.C. § 227(a)(3), where the FCC's 2003 Report and Order (Rules & Regulations Implementing the Tel. Consumer Prot. Act of

1991, 18 FCC Rcd. 14014 (2003)) ("FCC's 2003 Order")—a final, binding agency order issued after full notice-and-comment rulemaking—expressly concluded that "faxes sent to personal computers equipped with, or attached to, modems and to computerized fax servers are subject to the TCPA's prohibition on unsolicited faxes," and where courts applying that Order have confirmed that fax servers qualify as "telephone facsimile machines" under that definition.

2.  Whether the district court correctly interpreted the plain text of 47 U.S.C. § 227(a)(3)—defining "telephone facsimile machine" as "equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper"—by holding that Astro's fax servers, which receive electronic signals over telephone lines and have the capacity to transcribe those signals onto paper, fall outside that definition.

3.  Whether the district court erred in following *Career Counseling, Inc. v. AmeriFactors Financial Group, LLC*, 91 F.4th 202 (4th Cir. 2024)—a non-binding Fourth Circuit decision decided on summary judgment after full fact discovery—rather than the Sixth Circuit's contrary reasoning in *Lyngaas v. Curaden AG*, 992 F.3d 412 (6th Cir. 2021), the FCC's 2003 Order, and the reading of the FCC's 2003 Order adopted by other federal courts, on a question of first impression in the Tenth Circuit.

4.  Whether the district court erred in resolving the fact-intensive "telephone facsimile machine" question adversely to Appellant under Rule 12(b)(6)—before any discovery—where: (a) Appellant's sworn allegations, accepted as true, establish that its servers receive electronic fax signals over regular telephone lines and have capacity to print; (b) both Lyngaas (bench trial) and Career Counseling (summary judgment after discovery) resolved the TFM question only after full factual development; and (c) Appellant has the right to demonstrate through discovery that it owns the receiving equipment, receives fax signals over telephone lines rather than email over the Internet, and is not a subscriber to any third-party online fax service.

5.  Whether the district court abused its discretion in denying Appellant's Motion for Reconsideration where Appellant demonstrated that: (a) the court lacked authority to disregard the FCC's 2003 Order under the Hobbs Act, 28 U.S.C. § 2342(1); (b) the FCC's Amerifactors (2019) and Ryerson (2020) Bureau rulings are non-final orders not entitled to Hobbs Act protection; and (c) the Supreme Court's decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), required the court to conduct its independent statutory analysis in light of all binding FCC authority, including the FCC's 2003 Order.

## V. ATTORNEY FILING DOCKETING STATEMENT:

Name: __Ross M. Good_____ Telephone: __847 600 9576_____

Firm: _____The Good Law Group_____

Email Address: __Ross@Thegoodlawgroup.com_____

Address: _____800 E. Northwest Hwy, Ste 814_____

_____Palatine, IL 60074_____

_____

/s/ Ross M. Good                                    _____March 18, 2026___
_____            _____

Signature                                                    Date

**NOTE:**     The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, _____ Ross M. Good _____, hereby certify that on
[attorney for appellant/petitioner]

___ March 18, 2026 ___, I served a copy of the foregoing **Docketing Statement**, to:
[date]

WestFax, Inc. et. al. _____, at _____ 4:30 p.m. _____
[counsel for/or appellee/respondent]

James C. Taravella, Jamie N. Cotter, Johanna R. Hyman, Nathan Osborn, Alyson Evett

_____

_____, the last known address/email address, by
                    email
_____.
[state method of service]

/s/ Ross M. Good
_____
Signature

March  18, 2026
_____
Date

Ross M. Good
_____
800 E. Northwest Hwy, Ste 814
Palatine, IL 60074
_____
Full name and address of attorney