

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

JEFFREY P. COLWELL
Clerk

Phone: (303) 844-3433

March 9, 2026

☐ Pro Se    ☒ Retained    ☐ CJA    ☐ FPD    ☐ USA or Other
Federal Agency

(Appeal Fee Exempt)

Case No.:   23-cv-02328-SKC-CYC                    ☐ Amended Notice of Appeal

Date Filed:  3/6/2026                              ☐ Other Pending Appeals

Appellant:   Astro Companies, LLC                  ☐ Transferred Successive
                                                     §2254 or §2255

                                                   ☐ Supplemental Record

Pro Se Appellant:

☐ IFP Forms Mailed / Given    ☐ Motion IFP Pending    ☐ Appeal Fee Paid
                              ☐ IFP Denied             ☐ Appeal Fee Not Paid

Retained Counsel:

☒ Appeal Fee Paid    ☐ Appeal Fee Not Paid    ☐ Motion IFP Filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals. Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as in the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

By: s/G. Gillen

Deputy Clerk

APPEAL,JD1,MJ CIV PP,NDISPO,STAYED,TERMED

## U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:23–cv–02328–SKC–CYC

Astro Companies, LLC v. WestFax, Inc
Assigned to: Judge S. Kato Crews
Referred to: Magistrate Judge Cyrus Y. Chung
Demand: $12,869,000
Cause: 47:227(b)(3) – Telephone Consumer Protection Act of
1991

Date Filed: 09/11/2023
Date Terminated: 02/12/2025
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**Astro Companies, LLC**                                          represented by **Ross Michael Good**
The Good Law Group
800 East Northwest Highway
Suite 814
Palatine, IL 60074
847–600–9576
Email: ross@thegoodlawgroup.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**WestFax Inc**                                          represented by **Alyson S. Evett**
Montgomery Little & Soran, P.C.
5445 DTC Parkway
Suite 800
Greenwood Village, CO 80111–3053
303–779–2747
Email: aevett@montgomerylittle.com
*ATTORNEY TO BE NOTICED*

**James Cullen Taravella**
Montgomery Little & Soran, P.C.
5445 DTC Parkway
Suite 800
Greenwood Village, CO 80111–3053
303–773–8100
Fax: 303–220–0412
Email: jtaravella@montgomerylittle.com
*ATTORNEY TO BE NOTICED*

**Nathan G. Osborn**
Montgomery Little & Soran, P.C.
5445 DTC Parkway
Suite 800
Greenwood Village, CO 80111–3053
303–773–8100
Fax: 303–220–0412
Email: nosborn@montgomerylittle.com
*ATTORNEY TO BE NOTICED*

**William B. Hayes , III**
William B. Hayes, Attorney at Law
824 Hideaway Circle East
Suite 341
Marco Island, FL 34145
303–514–0658
Email: sqhayes@aol.com
*TERMINATED: 03/08/2024*

**Defendant**

| | | |
|---|---|---|
| **Duck Dive Communications LLC**<br>*doing business as*<br>JBlast | represented by | **Alyson S. Evett**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **James Cullen Taravella**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Nathan G. Osborn**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Barry Clark** | represented by | **Alyson S. Evett**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **James Cullen Taravella**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Nathan G. Osborn**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Chad Matheson**<br>*and John Does 1–10* | represented by | **Jamie N. Dickinson**<br>Spencer Fane LLP<br>1700 Lincoln Street<br>Suite 2000<br>Denver, CO 80203<br>303–839–3800<br>Fax: 303–839–3838<br>Email: jndickinson@spencerfane.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Johanna R. Hyman**<br>Spencer Fane LLP<br>100 South 5th Street<br>Suite 2500<br>Minneapolis, MN 55402<br>612–268–7000<br>Email: jhyman@spencerfane.com<br>*ATTORNEY TO BE NOTICED* |

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 09/11/2023 | 1 | COMPLAINT against WestFax Inc (Filing fee $ 402,Receipt Number ACODC–9288037)Attorney Ross Michael Good added to party ASTRO COMPANIES, LLC(pty:pla), filed by ASTRO COMPANIES, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B1, # 3 Exhibit B2, # 4 Exhibit B3, # 5 Exhibit B4, # 6 Exhibit B5, # 7 Exhibit B6, # 8 Exhibit B7, # 9 Exhibit B8, # 10 Exhibit B9, # 11 Civil Cover Sheet, # 12 Summons)(Good, Ross) (Entered: 09/11/2023) |
| 09/11/2023 | 2 | Case assigned to Judge Robert E. Blackburn and drawn to Magistrate Judge Michael E. Hegarty. Text Only Entry (efoga, ) (Entered: 09/12/2023) |
| 09/12/2023 | 3 | SUMMONS issued by Clerk. (Attachments: # 1 Magistrate Judge Consent Form) (efoga, ) (Entered: 09/12/2023) |

| 09/13/2023 | 4 | MEMORANDUM RETURNING CASE by Senior Judge Blackburn. This case is randomly reassigned to Magistrate Judge S. Kato Crews. All future pleadings should be designated as **23–cv–02328–SKC**. (schap, ) (Entered: 09/13/2023) |
|---|---|---|
| 09/13/2023 | 5 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. (schap, ) (Entered: 09/13/2023) |
| 10/02/2023 | 6 | WAIVER OF SERVICE Returned Executed by Astro Companies, LLC. WestFax Inc waiver sent on 10/2/2023, answer due 12/1/2023. (Good, Ross) (Entered: 10/02/2023) |
| 10/12/2023 | 7 | MINUTE ORDER *Setting Telephone Rule 16(b) Scheduling Conference.* Telephone Scheduling Conference set for 1/11/2024 10:00 AM before Magistrate Judge S. Kato Crews. The parties shall file their proposed scheduling order and email a copy in Word format to Crews_Chambers@cod.uscourts.gov, no later than seven calendar days before the conference. **IT IS FURTHER ORDERED** that a completed Magistrate Judge Consent Form (ECF. # 5 ) shall be filed no later than seven calendar days before the conference. At the scheduled time, counsel shall call the Court provided conference line at (888) 251–2909 Access Code: 5662814#. SO ORDERED by Magistrate Judge S. Kato Crews on 10/12/2023. Text Only Entry (amont, ) (Entered: 10/12/2023) |
| 10/30/2023 | 8 | SUMMONS Returned Executed by Astro Companies, LLC. WestFax Inc served on 9/18/2023, answer due 12/1/2023. (Good, Ross) (Entered: 10/30/2023) |
| 12/21/2023 | 9 | MOTION for Leave to Appear by Defendant WestFax Inc. (Hayes, William) (Entered: 12/21/2023) |
| 12/21/2023 | 10 | AMENDED COMPLAINT against WestFax Inc, DUCK DIVE COMMUNICATIONS LLC d/b/a JBlast, Barry Clark, Chad Matheson, filed by Astro Companies, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B1, # 3 Exhibit B2, # 4 Exhibit B3, # 5 Exhibit B4, # 6 Exhibit B5, # 7 Exhibit B6, # 8 Exhibit B7, # 9 Exhibit B8, # 10 Exhibit B9)(Good, Ross) (Entered: 12/21/2023) |
| 12/22/2023 | 11 | ORDER re 9 Motion for Leave to Appear. This filing is an entry of appearance and need not have been docketed as a Motion. By Magistrate Judge S. Kato Crews on 12/22/2023. Text Only Entry (skclc1) (Entered: 12/22/2023) |
| 01/02/2024 | 12 | Joint MOTION for Order to *Modify the Scheduling Conference* by Plaintiff Astro Companies, LLC. (Good, Ross) (Entered: 01/02/2024) |
| 01/04/2024 | 13 | ORDER granting 12 Motion for Order. The Telephonic Scheduling Conference is RESET for 2/1/2024 at 09:30 AM in Courtroom C201 before Magistrate Judge S. Kato Crews. The previous call–in instructions shall apply and the proposed order is due seven days in advance. IT IS FURTHER ORDERED on or before January 11, 2024, the parties who have appeared in the case shall file the consent/non–consent form indicating whether they consent to magistrate judge jurisdiction. SO ORDERED by Magistrate Judge S. Kato Crews on 1/4/2024. Text Only Entry (skclc1) (Entered: 01/04/2024) |
| 01/16/2024 | 14 | **CHANGE IN JUDICIAL OFFICER DESIGNATION.** Due to the recent appointment of Magistrate Judge S. Kato Crews as a United States District Judge, this action will now be updated to reflect his new designation as District Judge S. Kato Crews. District Judge Crews shall retain assignment to this action as presiding judge and Magistrate Judge Michael E. Hegarty is drawn as referral judge. All future pleadings should be designated as 23–cv–02328–SKC. (Text only entry) (agarc, ) (Entered: 01/16/2024) |
| 01/18/2024 | 15 | ORDER REFERRING CASE to Magistrate Judge Michael E. Hegarty for **non–dispositive matters.** Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon |

|  |  | a showing of good cause, and (3) hear and determine pretrial matters, including discovery and other non–dispositive motions. Court–sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the request of the parties by motion, this Court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. Alternatively, the Magistrate Judge, at their discretion, may convene such early neutral evaluation and/or settlement conferences and direct related procedures as may facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. **Counsel for the Parties and all counsel who may later enter an appearance shall review and familiarize themselves with the undersigned's Standing Order and Practice Standards, as well as the Practice Standards of the assigned Magistrate Judge.** By US District Judge S. Kato Crews on 1/18/2024. Text Only Entry (skcja, ) (Entered: 01/18/2024) |
|---|---|---|
| 01/19/2024 | 16 | MINUTE ORDER: Pursuant to the 15 Order of Reference, this Court **vacates** the telephonic scheduling conference set for February 1, 2024 at ECF 13 . The Court **resets** the Fed. R. Civ. P. 16(b) scheduling conference for **February 15, 2024 at 11:45 a.m.,** in Courtroom A–501 before Magistrate Judge Michael E. Hegarty. Proposed Scheduling Order due 2/8/2024. Entered by Magistrate Judge Michael E. Hegarty on 1/19/2024. (jtorr, ) (Entered: 01/19/2024) |
| 01/24/2024 | 17 | MINUTE ORDER Due to a Conflict on the Court's calendar the Scheduling Conference originally set for 2/15/2024 at 11:45 a.m. is reset to 2/12/2024 at 02:30 PM in Courtroom A 501 before Magistrate Judge Michael E. Hegarty. ORDERED by Magistrate Judge Michael E. Hegarty on 1/24/2024. Text Only Entry. (cthom, ) (Entered: 01/24/2024) |
| 01/26/2024 | 18 | SUMMONS REQUEST as to BARRY CLARK, DUCK DIVE COMMUNICATIONS, CHAD MATHESON by Plaintiff Astro Companies, LLC. (Attachments: # 1 Summons DUCK DIVE COMMUNICATIONS, # 2 Summons CHAD MATHESON)(Good, Ross) (Entered: 01/26/2024) |
| 01/29/2024 | 19 | Administrative Notice: Summons submitted has incorrect caption and not issued. Please file completed summons for issuance using the event Summons Request. (Text Only Entry) (norlin, ) (Entered: 01/29/2024) |
| 01/29/2024 | 20 | SUMMONS REQUEST as to BARRY CLARK, DUCK DIVE COMMUNICATIONS, CHAD MATHESON by Plaintiff Astro Companies, LLC. (Attachments: # 1 Summons CHAD MATHESON, # 2 Summons DUCK DIVE COMMUNICATIONS)(Good, Ross) (Entered: 01/29/2024) |
| 01/30/2024 | 21 | SUMMONSES issued by Clerk. (jtorr, ) (Entered: 01/30/2024) |
| 02/05/2024 | 22 | MOTION for Extension of Time to File Answer or Otherwise Respond by Defendant WestFax Inc. (Attachments: # 1 Proposed Order (PDF Only))(Hayes, William) (Entered: 02/05/2024) |
| 02/05/2024 | 23 | ORDER REFERRING MOTION: 22 MOTION for Extension of Time to File Answer or Otherwise Respond filed by WestFax Inc referred to Magistrate Judge Michael E. Hegarty. By U.S. District Judge S. Kato Crews on 2/5/2024. Text Only Entry (skcja, ) (Entered: 02/05/2024) |
| 02/05/2024 | 24 | MINUTE ORDER granting 22 Motion to Extend Time for Defendant WestFax, Inc. to Respond to Amended Complaint and to Reschedule the Scheduling Conference. Defendant WestFax, Inc. shall file an Answer or otherwise respond to the Amended Complaint [ECF 10 ] on or before **February 28, 2024**. The Scheduling Conference currently set for February 12, 2024, at 2:30 p.m. is **vacated and reset** to **March 13, 2024, at 11:00 a.m.** in Courtroom A–501. Proposed Scheduling Order due 3/6/2024. Entered by Magistrate Judge Michael E. Hegarty on 2/5/2024.(jtorr, ) (Entered: 02/05/2024) |
| 02/15/2024 | 25 | SUMMONS Returned Executed by Astro Companies, LLC. Duck Dive Communications LLC served on 2/15/2024, answer due 3/7/2024. (Good, Ross) (Entered: 02/15/2024) |
| 02/21/2024 | 26 | SUMMONS Returned Executed by Astro Companies, LLC. Barry Clark served on 2/20/2024, answer due 3/12/2024. (Good, Ross) (Entered: 02/21/2024) |

| 02/23/2024 | 27 | NOTICE of Entry of Appearance by Nathan G. Osborn on behalf of Barry Clark, Duck Dive Communications LLC, WestFax IncAttorney Nathan G. Osborn added to party Barry Clark(pty:dft), Attorney Nathan G. Osborn added to party Duck Dive Communications LLC(pty:dft), Attorney Nathan G. Osborn added to party WestFax Inc(pty:dft) (Osborn, Nathan) (Entered: 02/23/2024) |
| 02/23/2024 | 28 | NOTICE of Entry of Appearance by Alyson S. Evett on behalf of Barry Clark, Duck Dive Communications LLC, WestFax IncAttorney Alyson S. Evett added to party Barry Clark(pty:dft), Attorney Alyson S. Evett added to party Duck Dive Communications LLC(pty:dft), Attorney Alyson S. Evett added to party WestFax Inc(pty:dft) (Evett, Alyson) (Entered: 02/23/2024) |
| 02/23/2024 | 29 | NOTICE of Entry of Appearance by James Cullen Taravella on behalf of Barry Clark, Duck Dive Communications LLC, WestFax IncAttorney James Cullen Taravella added to party Barry Clark(pty:dft), Attorney James Cullen Taravella added to party Duck Dive Communications LLC(pty:dft), Attorney James Cullen Taravella added to party WestFax Inc(pty:dft) (Taravella, James) (Entered: 02/23/2024) |
| 02/27/2024 | 30 | Second MOTION for Extension of Time to File Answer or Otherwise Respond re 16 Minute Order, 10 Amended Complaint, *and Reschedule the Scheduling Conference* by Defendants Barry Clark, Duck Dive Communications LLC, WestFax Inc. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order Granting Motion to Extend Time for Defendants WestFax, Inc., Duck Dive Communications, LLC and Barry Clark to Respond to Amended Complaint and to Reschedule the Scheduling Conference)(Taravella, James) (Entered: 02/27/2024) |
| 02/28/2024 | 31 | MEMORANDUM re: 30 Second MOTION for Extension of Time to File Answer or Otherwise Respond re 16 Minute Order, 10 Amended Complaint, *and Reschedule the Scheduling Conference*. Motion referred to Magistrate Judge Michael E. Hegarty. By U.S. District Judge S. Kato Crews on 2/28/2024. Text Only Entry (skcja, ) (Entered: 02/28/2024) |
| 02/28/2024 | 32 | MINUTE ORDER granting in part and denying in part 30 Defendants' Motion for Extension of Time to Respond to Amended Complaint. Defendants WestFax, Inc., and Duck Dive Communications LLC shall file Answers or otherwise respond to the Amended Complaint (ECF 10 ) **on or before March 12, 2024**. The Court does not find good cause to reset the Scheduling Conference. Accordingly, the Scheduling Conference and proposed Scheduling Order deadline remain set as stated in the Court's February 5, 2024 Order (ECF 24 ). Entered by Chief Magistrate Judge Michael E. Hegarty on 02/28/2024. (mehlc7) (Entered: 02/28/2024) |
| 03/06/2024 | 33 | Proposed Scheduling Order by Defendants Barry Clark, Duck Dive Communications LLC, WestFax Inc. (Taravella, James) (Entered: 03/06/2024) |
| 03/08/2024 | 34 | MOTION to Withdraw as Attorney by Defendant WestFax Inc. (Attachments: # 1 Proposed Order)(Hayes, William) (Entered: 03/08/2024) |
| 03/08/2024 | 35 | ORDER re 34 Motion to Withdraw as Attorney. For good cause, the motion is granted. Attorney William B. Hayes, III is terminated as counsel for WestFax and electronic notifications will be turned off. By U.S. District Judge S. Kato Crews on 3/8/2024. Text Only Entry(skcja, ) (Entered: 03/08/2024) |
| 03/08/2024 | 36 | SUMMONS Returned Executed by Astro Companies, LLC. Chad Matheson served on 3/7/2024, answer due 3/28/2024. (Good, Ross) (Entered: 03/08/2024) |
| 03/12/2024 | 37 | MOTION to Dismiss for Lack of Jurisdiction *pursuant to Fed. R. Civ. P. 12(b)(2)*, MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* by Defendant Barry Clark. (Attachments: # 1 Affidavit Ex. A to Motion to Dismiss – Declaration of Barry Clark, # 2 Exhibit Ex. B to Motion to Dismiss – Screenshots of Duck Dive's Website)(Taravella, James) (Entered: 03/12/2024) |
| 03/12/2024 | 38 | MOTION to Dismiss for Lack of Jurisdiction *pursuant to Fed. R. Civ. P. 12(b)(2)*, MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* by Defendant Duck Dive Communications LLC. (Attachments: # 1 Affidavit Ex. A to Motion to Dismiss – Declaration of Barry Clark, # 2 Exhibit Ex. B to Motion to Dismiss – Duck Dive's Entity Page with the Delaware Secretary of State, # 3 Exhibit Ex. C to Motion to Dismiss – Screenshots of Duck Dive's Website)(Taravella, James) (Entered: 03/12/2024) |

| 03/12/2024 | 39 | MOTION to Dismiss for Lack of Jurisdiction *pursuant to Fed. R. Civ. P. 12(b)(2)*, MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* by Defendant WestFax Inc. (Attachments: # 1 Affidavit Ex. A to Motion to Dismiss – Declaration of Barry Clark)(Taravella, James) (Entered: 03/12/2024) |
| 03/13/2024 | 40 | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Scheduling Conference held on 3/13/2024. FTR: A501. (cthom, ) (Entered: 03/14/2024) |
| 03/13/2024 | 41 | SCHEDULING ORDER by Magistrate Judge Michael E. Hegarty on 3/13/2024. (cthom, ) (Entered: 03/14/2024) |
| 03/19/2024 | 42 | NOTICE of Entry of Appearance by Jamie N. Cotter on behalf of Chad MathesonAttorney Jamie N. Cotter added to party Chad Matheson(pty:dft) (Cotter, Jamie) (Entered: 03/19/2024) |
| 03/26/2024 | 43 | STIPULATION for Extension of Time to Answer or Respond to the Complaint by Defendant Chad Matheson. Chad Matheson answer due 4/18/2024. (Cotter, Jamie) (Entered: 03/26/2024) |
| 04/02/2024 | 44 | RESPONSE to 37 MOTION to Dismiss for Lack of Jurisdiction *pursuant to Fed. R. Civ. P. 12(b)(2)* MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)*, 38 MOTION to Dismiss for Lack of Jurisdiction *pursuant to Fed. R. Civ. P. 12(b)(2)* MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)*, 39 MOTION to Dismiss for Lack of Jurisdiction *pursuant to Fed. R. Civ. P. 12(b)(2)* MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* filed by Plaintiff Astro Companies, LLC. (Attachments: # 1 Exhibit 1 – Sample 11–4–2015 proposal Clark instructed Evelyn Grifa to send, # 2 Exhibit 2 – 7–30–2021 Email from Charlotte McCrary, # 3 Exhibit 3 – Correspondence from Deanna Gasseling, # 4 Exhibit 4 – McCrary LinkedIn, # 5 Exhibit 5 – 5–12–2022 Email Chain, # 6 Exhibit 6 – 127 High Street Ad, # 7 Exhibit 7 – Clear Choice Ad)(Good, Ross) (Entered: 04/02/2024) |
| 04/10/2024 | 45 | Joint MOTION for Protective Order by Defendants Barry Clark, Duck Dive Communications LLC, WestFax Inc. (Attachments: # 1 Proposed Order (PDF Only))(Taravella, James) (Entered: 04/10/2024) |
| 04/10/2024 | 46 | MEMORANDUM: re 45 Joint MOTION for Protective Order filed by Duck Dive Communications LLC, Barry Clark, WestFax Inc. Motion referred to Magistrate Judge Michael E. Hegarty. By U.S. District Judge S. Kato Crews on 4/10/2024. Text Only Entry (skcja, ) (Entered: 04/10/2024) |
| 04/11/2024 | 47 | ORDER denying without prejudice 45 the Parties' Stipulated Motion for Protective Order.<br><br>Pursuant to this District's Magistrate Judges' Uniform Civil Practice Standards, a proposed protective order "must state that (1) the party designating information as confidential bears the burden of establishing that good cause exists for the disputed information to be treated as confidential and (2) the Court will not retain jurisdiction over a matter once the case is closed." D.C.COLO.MJ V(5). The Parties' proposed order contains neither of these requirements. Further, a proposed protective order should not permit the filing of discovery motions and should instead reflect the discovery dispute process discussed in Section VI of the Magistrate Judges' Uniform Civil Practice Standards. *Id.* Here, the Parties' proposed order explicitly contemplates filing a discovery motion rather than following the appropriate discovery dispute procedures. ECF 45–1 at 5.<br><br>Should the Parties wish to move again for entry of a protective order, their proposed order must comply with all of the applicable requirements and they must email a Word copy of the proposed protective order to Chambers (hegarty_chambers@cod.uscourts.gov). D.C.COLO.MJ V(5). Appendix A to the Magistrate Judges' Uniform Civil Practice Standards is a sample joint protective order that the Parties are encouraged to review and adopt as modified to the needs of their case. Entered by Chief Magistrate Judge Michael E. Hegarty on 04/11/2024. Text Only Entry (mehlc7) (Entered: 04/11/2024) |

| 04/12/2024 | 48 | Joint MOTION for Protective Order by Defendants Barry Clark, Duck Dive Communications LLC, WestFax Inc. (Attachments: # 1 Proposed Order (PDF Only))(Taravella, James) (Entered: 04/12/2024) |
| --- | --- | --- |
| 04/12/2024 | 49 | MEMORANDUM: re 48 Joint MOTION for Protective Order filed by Duck Dive Communications LLC, Barry Clark, WestFax Inc. Motion referred to Magistrate Judge Michael E. Hegarty. By U.S. District Judge S. Kato Crews on 4/12/2024. Text Only Entry (skcja, ) (Entered: 04/12/2024) |
| 04/12/2024 | 50 | MOTION for Extension of Time to *Reply In Support of Motion to Dismiss* by Defendants Barry Clark, Duck Dive Communications LLC, WestFax Inc. (Attachments: # 1 Proposed Order (PDF Only))(Taravella, James) (Entered: 04/12/2024) |
| 04/15/2024 | 51 | ORDER re 50 Motion for Extension of Time to File re 50 MOTION for Extension of Time to *Reply In Support of Motion to Dismiss*. For good cause, the motion is granted. Defendants WestFax, Duck Dive, and Barry Clark shall file a reply in support of their motion to dismiss on or before 4/19/2024. By U.S. District Judge S. Kato Crews on 4/15/2024. Text Only Entry(skcja, ) (Entered: 04/15/2024) |
| 04/15/2024 | 52 | ORDER granting 48 the Parties' Stipulated Motion for Revised Protective Order for good cause shown. The Court shall separately issue the Protective Order. Entered by Chief Magistrate Judge Michael E. Hegarty on 04/15/2024. Text Only Entry (mehlc7) (Entered: 04/15/2024) |
| 04/15/2024 | 53 | JOINT PROTECTIVE ORDER. Entered by Magistrate Judge Michael E. Hegarty on 4/15/2024. (dgumb, ) (Entered: 04/15/2024) |
| 04/18/2024 | 54 | MOTION to Dismiss for Failure to State a Claim *and Incorporated Memorandum of Law* by Defendant Chad Matheson. (Cotter, Jamie) (Entered: 04/18/2024) |
| 04/19/2024 | 55 | REPLY to Response to 37 MOTION to Dismiss for Lack of Jurisdiction *pursuant to Fed. Civ. P. 12(b)(2)* MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. Civ. P. 12(b)(6)*, 39 MOTION to Dismiss for Lack of Jurisdiction *pursuant to Fed. Civ. P. 12(b)(2)* MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. Civ. P. 12(b)(6)*, 38 MOTION to Dismiss for Lack of Jurisdiction *pursuant to Fed. Civ. P. 12(b)(2)* MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. Civ. P. 12(b)(6)* filed by Defendants Barry Clark, Duck Dive Communications LLC, WestFax Inc. (Attachments: # 1 Exhibit Ex. A to Combined Reply – Screenshot of Assent Required to Customer Agreement)(Taravella, James) (Entered: 04/19/2024) |
| 04/25/2024 | 56 | CORPORATE DISCLOSURE STATEMENT. (Taravella, James) (Entered: 04/25/2024) |
| 05/08/2024 | 57 | RESPONSE to 54 MOTION to Dismiss for Failure to State a Claim *and Incorporated Memorandum of Law* filed by Plaintiff Astro Companies, LLC. (Attachments: # 1 Exhibit Exhibit A)(Good, Ross) (Entered: 05/08/2024) |
| 05/09/2024 | 58 | MOTION to Stay *Discovery Pending Resolution of Motions to Dismiss* by Defendants Barry Clark, Duck Dive Communications LLC, WestFax Inc. (Taravella, James) (Entered: 05/09/2024) |
| 05/09/2024 | 59 | MEMORANDUM: re 58 MOTION to Stay *Discovery Pending Resolution of Motions to Dismiss* filed by Duck Dive Communications LLC, Barry Clark, WestFax Inc. Motion referred to Magistrate Judge Michael E. Hegarty. By U.S. District Judge S. Kato Crews on 5/9/2024. Text Only Entry (skcja, ) (Entered: 05/09/2024) |
| 05/09/2024 | 60 | JOINDER re 58 MOTION to Stay *Discovery Pending Resolution of Motions to Dismiss* by Defendant Chad Matheson. (Cotter, Jamie) (Entered: 05/09/2024) |
| 05/09/2024 | 61 | MINUTE ORDER re: 58 MOTION to Stay *Discovery Pending Resolution of Motions to Dismiss* filed by Duck Dive Communications LLC, Barry Clark, WestFax Inc. Oral Argument set for 5/15/2024 at 10:30 AM in Courtroom A 501 before Magistrate Judge Michael E. Hegarty. ORDERED by Magistrate Judge Michael E. Hegarty on 5/9/2024. (Attachments: # 1 Instructions on how to appear by video) (cthom, ) (Entered: 05/09/2024) |

| 05/14/2024 | 62 | RESPONSE to 58 MOTION to Stay *Discovery Pending Resolution of Motions to Dismiss* filed by Plaintiff Astro Companies, LLC. (Good, Ross) (Entered: 05/14/2024) |
| 05/15/2024 | 63 | NOTICE of Entry of Appearance by Johanna R. Hyman on behalf of Chad MathesonAttorney Johanna R. Hyman added to party Chad Matheson(pty:dft) (Hyman, Johanna) (Entered: 05/15/2024) |
| 05/15/2024 | 64 | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Oral Argument Hearing held on 5/15/2024. The 58 Motion to Stay Discovery Pending the Resolution of Motions to Dismiss is GRANTED and discovery is STAYED with the exception that the Court permits third–party discovery and those tasks needed for identifying third parties, FTR: A501. (cthom, ) (Entered: 05/15/2024) |
| 05/22/2024 | 65 | REPLY to Response to 54 MOTION to Dismiss for Failure to State a Claim *and Incorporated Memorandum of Law* filed by Defendant Chad Matheson. (Hyman, Johanna) (Entered: 05/22/2024) |
| 06/27/2024 | 66 | TRANSCRIPT of ORAL ARGUMENT HEARING held on 05/15/2024 before Magistrate Judge Hegarty. Pages: 1–29. Prepared by: AB Litigation Services. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 06/27/2024) |
| 07/09/2024 | 67 | NOTICE of Change of Address/Contact Information by Ross Michael Good (Good, Ross) (Entered: 07/09/2024) |
| 01/06/2025 | 68 | REASSIGNING MAGISTRATE JUDGE. This action is reassigned to Magistrate Judge Cyrus Y. Chung upon his appointment. All future pleadings should reference Magistrate Judge Chung at the end of the civil action number (such as 23–cv–02328–SKC–CYC). Unless otherwise ordered, the dates and times for all previously scheduled matters will be maintained and will now be handled by Magistrate Judge Chung in Courtroom C–205 in the Byron G. Rogers Courthouse, 1961 Stout St, Denver, CO 80294. If previously directed to contact Chief Magistrate Judge Michael E. Hegarty or his Chambers, Parties shall instead contact Chung Chambers at the following telephone number or email address: 303–335–2761 and Chung_Chambers@cod.uscourts.gov. (Text only entry) (echa, ) (Entered: 01/06/2025) |
| 02/06/2025 | 69 | NOTICE of Change of Address/Contact Information *(Attorney Name)* by Jamie N. Dickinson (Dickinson, Jamie) (Entered: 02/06/2025) |
| 02/12/2025 | 70 | ORDER: For the reasons stated herein, the Court GRANTS Defendant Matheson's 54 Motion to Dismiss for Failure to State a Claim. Because the Court's reasoning applies equally to Plaintiff's claims against all Defendants, the Court further FINDS AS MOOT the remaining Motions to Dismiss 37 , 38 , 39 . The Clerk of Court shall close this case.<br><br>SO ORDERED by Judge S. Kato Crews on 2/12/2025. (skclc1) (Entered: 02/12/2025) |
| 02/12/2025 | 71 | FINAL JUDGMENT in favor of Defendants and against Plaintiff pursuant to 70 Order Re: Motions to Dismiss, by Clerk on 2/12/2025. (ebuch) (Entered: 02/12/2025) |
| 03/07/2025 | 72 | MOTION for Reconsideration re 70 Order on Motion to Dismiss for Failure to State a Claim,, Order on Motion to Dismiss/Lack of Jurisdiction,,,,,,,,,, by Plaintiff Astro Companies, LLC. (Attachments: # 1 Exhibit A – 2003 Order)(Good, Ross) (Entered: 03/07/2025) |
| 03/18/2025 | 73 | MOTION for Extension of Time to *Regarding Submission and Briefing Related to Bill of Costs* by Defendants Duck Dive Communications LLC, Barry Clark, WestFax Inc. (Attachments: # 1 Proposed Order (PDF Only))(Taravella, James) (Entered: 03/18/2025) |

| 03/20/2025 | 74 | ORDER granting 73 Motion for Extension of Time. The submission deadline for the bill of costs and briefing related thereto is extended to 14 days from the date that this Court issues its order regarding the Motion to Reconsider.<br><br>SO ORDERED by Judge S. Kato Crews on 3/20/2025. Text Only Entry (skclc1) (Entered: 03/20/2025) |
| --- | --- | --- |
| 03/28/2025 | 75 | RESPONSE to 72 MOTION for Reconsideration re 70 Order on Motion to Dismiss for Failure to State a Claim,, Order on Motion to Dismiss/Lack of Jurisdiction,,,,,,,,,,, filed by Defendants Duck Dive Communications LLC, Barry Clark, Chad Matheson, WestFax Inc. (Taravella, James) (Entered: 03/28/2025) |
| 04/11/2025 | 76 | Unopposed MOTION for Leave to File Excess Pages by Plaintiff Astro Companies, LLC. (Attachments: # 1 Exhibit A – Proposed Order)(Good, Ross) (Entered: 04/11/2025) |
| 04/11/2025 | 77 | REPLY to Response to 72 MOTION for Reconsideration re 70 Order on Motion to Dismiss for Failure to State a Claim,, Order on Motion to Dismiss/Lack of Jurisdiction,,,,,,,,,, filed by Plaintiff Astro Companies, LLC. (Attachments: # 1 Exhibit 1)(Good, Ross) (Entered: 04/11/2025) |
| 06/30/2025 | 78 | NOTICE of Supplemental Authorities by Plaintiff Astro Companies, LLC (Attachments: # 1 Exhibit A)(Good, Ross) (Entered: 06/30/2025) |
| 02/09/2026 | 79 | ORDER granting 76 Motion for Leave to File Excess Pages. SO ORDERED by Judge S. Kato Crews on 2/9/2026. Text Only Entry(skclc1) (Entered: 02/09/2026) |
| 02/09/2026 | 80 | For the reasons stated in this ORDER, the 72 Motion for Reconsideration is respectfully DENIED.<br><br>By Judge S. Kato Crews on 2/9/2026.(skclc1) (Entered: 02/09/2026) |
| 03/06/2026 | 81 | NOTICE OF APPEAL as to 70 Order on Motion to Dismiss for Failure to State a Claim,, Order on Motion to Dismiss/Lack of Jurisdiction,,,,,,,,,,, 80 Order on Motion for Reconsideration by Plaintiff Astro Companies, LLC (Filing fee $ 605, Receipt Number ACODC–10864827) (Good, Ross) (Entered: 03/06/2026) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02328-SKC-CYC

ASTRO COMPANIES, LLC,

Plaintiff,

v.

WESTFAX INC, *et al.*,

Defendants.

---

## ORDER RE: MOTIONS TO DISMISS

---

The Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the

Junk Fax Prevention Act of 2005, states:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> . . .
>
> (C) to use any telephone facsimile machine, computer, or other device to send, *to a telephone facsimile machine*, an unsolicited advertisement. . .

47 U.S.C. § 227(b)(1)(c) (emphasis added). The resolution of this case turns on a

consideration of what a telephone facsimile machine is or, as pertinent here, is not.

Plaintiff Astro Companies, LLC ("Astro") is an online fax service provider that

"uses equipment, namely, a fax server, to convert 'traditional faxes' into a readable

form (such as a PDF) which is then either attached to an email and forwarded to the

recipients' computer via email or is made available on a portal (a server) maintained by the online fax service to be read by the online fax server subscriber/recipient and is available to be printed at the online fax service recipients' convenience." Dkt. 10 at ¶22. According to Astro, Defendants Westfax, Inc. ("Westfax"), Duck Dive Communications LLC ("Duck Dive"), Barry Clark, and Chad Matheson, violated the TCPA when they sent "bursts" of junk faxes to various of Astro's fax phone numbers that were unassigned to any customers. *Id*. at ¶¶26-30. Astro further alleges that these bursts of junk faxes fill all its available resources and prevent transmission of non-junk faxes. *Id*. at ¶¶29, 36.

Defendants have each filed a Motion to Dismiss making arguments regarding personal jurisdiction, statutory standing, and Plaintiff's purported failure to state a claim. Dkts. 37, 38, 39, 54. They are fully briefed, and the Court has carefully reviewed these filings, the Court's docket, and the relevant law. No hearing is necessary. Because the Court agrees with Defendant Matheson that Plaintiff has failed to state a claim under the TCPA, and that this reasoning applies equally to Plaintiff's claims against all Defendants, Defendant Matheson's Motion (Dkt. 54) is GRANTED. This case shall be dismissed.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must

"accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted). But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted).

The *Twombly/Iqbal* pleading standard first requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or merely recite the elements of a claim. *Id.* It next requires the court to assume the truth of the well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. In this analysis, courts "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). The standard is a liberal one, however, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

## ANALYSIS

Defendant Matheson argues, among other things, that Astro cannot state a claim for relief because the alleged unsolicited fax advertisements were not sent to a telephone facsimile machine.[1] Astro contends in response that its services fall within this definition because its "servers have the capacity to print." Dkt. 57 at p.16. In support of its argument, Astro relies on the Sixth Circuit's opinion in *Lyngaas v. Curaden Ag*, 992 F.3d 412, 419 (6th Cir. 2021). There, the court concluded that telephone facsimile machines were not limited to stand-alone traditional fax machines. *Id.* at 245-46. Instead, the Sixth Circuit reasoned that faxes received by individual computers fell within the scope of the TCPA because they had the *capacity* to transcribe text and images onto paper. *Id.* The Court is not persuaded by Plaintiff's reliance on *Lyngaas*.

First, the court in *Lyngaas* was asked to consider whether a computer receiving an "efax" could qualify as a telephone facsimile machine. *Lyngaas*, 992 F.3d at 425-27. The Sixth Circuit was not, as here, evaluating whether an online fax *service* was entitled to protection under the TCPA. *Id.* Based on Plaintiff's own allegations regarding its services, *Lyngaas* is distinguishable.

Second, the Court concludes that based on a plain reading of the statutory

---

[1] Because the Court agrees Plaintiff's online fax services are not contemplated under the definition of telephone facsimile machine, it need not address Defendant Matheson's arguments regarding statutory standing or whether he had a high degree of involvement in the transmission of the junk faxes.

language, the TCPA does not apply to online fax services, but rather contemplates equipment "well understood to be a traditional fax machine." *Career Counseling, Inc. v. AmeriFactors Fin. Grp., LLC*, 91 F.4th 202, 209 (4th Cir. 2024). To fall within the TCPA prohibition, the unsolicited fax can be sent from a "telephone facsimile machine"—as defined by the statute—or from a "computer," or from some "other device." 47 U.S.C. §227(b)(1)(C). But, from the plain language of the statute, the offending fax can only be received in one way: on a "telephone facsimile machine." *Id*. Under the TCPA, the term "telephone facsimile machine" means

> equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper.

47 U.S.C. § 227(a)(3).

According to Plaintiff's allegations, Astro receives inbound faxes in their digital form, converts them into a readable medium, and then either forwards them to the recipients via email or maintains the faxes on a cloud-based server where the recipients may access, read, and print at their own discretion. Dkt. 10 at ¶22. In an apparent attempt to satisfy the statute, Astro also alleges it possesses equipment enabling it to print the cloud-based faxes onto paper. *Id*. at ¶23. The Court concludes, however, that even accepting these allegations as true, the TCPA protections do not extend to Astro because the statute specifically contemplates a "machine" that receives and prints faxes and not a service that does so. A machine is a "device or

5

apparatus consisting of fixed and moving parts that work together to perform some function." *Machine*, Black's Law Dictionary (12th ed. 2024). And while Astro's *service* may ultimately provide similar functions by way of additional equipment, it is not a machine.

Indeed, Astro's services may qualify as a "computer" or some "other device" within the meaning of the TCPA. But the "prohibition applies only to faxes sent *from* a 'computer' or 'other device'—and not to faxes sent *to* a 'computer' or 'other device'— as a result of the meaningful variances in § 227(b)(1)(C)'s language." *Career Counseling, Inc.*, 91 F.4th at 210 (emphasis in original); *see also Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion").

Although the Court relies only on the statutory language for its analysis, its conclusions are buttressed by the Federal Communications Commission's ("FCC") declaratory ruling in *In the Matter of Amerifactors Fin. Grp., LLC*, 34 F.C.C. Rcd. 11950 (2019), which this Court finds instructive and persuasive.[2] In *Amerifactors*, the

---

[2] "[C]ourts may—as they have from the start—seek aid from the interpretations of those responsible for implementing particular statutes. Such interpretations 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance' consistent with the APA. And interpretations issued contemporaneously with the statute at issue, and which have remained consistent over time, may be especially useful in determining the statute's meaning." *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 394 (2024) (quoting *Skidmore v.*

FCC noted that the statute only proscribed sending a fax to "telephone facsimile machines" and explained that "a fax received by an online fax service as an electronic message is effectively an email." *Id*. The FCC observed that with online fax services, "[c]onsumers can manage those messages the same way they manage email by blocking senders or deleting incoming messages without printing them." *Id*. at 11953. It ultimately concluded that given the nature of online fax services, faxes sent to these services did not "cause the specific harms to consumers Congress sought to address in the TCPA." *Id. See also In the Matter of Joseph T. Ryerson & Son, Inc. Petition for Declaratory Ruling Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991,* 35 F.C.C. Rcd. 9474 (2020) (rejecting the argument that online fax transmissions "are TCPA-covered faxes because they [are] eventually sent to a computer that could print the message," and reasoning that "[v]irtually all email could be accessed by computers with printing capabilities; yet emails do not implicate the consumer harms that are the TCPA's target, *such as automatic printing*.") (emphasis added).

To be sure, the 1991 Report of the House Committee on Energy and Commerce—recommending the TCPA's enactment—explained that the "[f]acsimile machines [of the time were] designed to accept, process, and print *all* messages which arrive over their dedicated lines." H.R. REP. 102-317, 10 (1991) (emphasis added). Given the automatic nature of these machines, sending unsolicited faxes was deemed

---

*Swift & Co.*, 323 U.S. 134, 140 (1944)).

problematic because (1) "it shifts some of the costs of advertising [including ink and paper costs] from the sender to the recipient;" and (2) "it occupies the recipient's facsimile machine so that it is unavailable for legitimate business messages while processing and printing the junk fax." *Id.* at 10. The same concerns do not exist with online fax services because the recipients can choose whether and when to print faxes.

Consequently, based on the plain statutory language, the Court concludes that online fax services as alleged in Astro's operative pleading do not qualify as "telephone facsimile machines" under the TCPA. Because all of Astro's claims are brought pursuant to 47 U.S.C. §227(b)(1)(C), it cannot state a claim for relief against any Defendant.[3]

*    *    *

For the reasons shared above, the Court ORDERS as follows:

1. Defendant Matheson's Motion to Dismiss is GRANTED;

2. Defendants Westfax, Duck Dive, and Barry Clark's Motions to Dismiss are DENIED AS MOOT;

3. This case is DISMISSED with prejudice; and

4. The Clerk of Court shall close this case.

---

[3] This includes Plaintiff's ostensible claims against John Does 1-10, which are brought pursuant to the same statutory provision. Further, there is no provision in the Federal Rules of Civil Procedure for naming of fictitious or anonymous parties in a lawsuit. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for District of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982).

DATED:        February 12, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02328-SKC-CYC

ASTRO COMPANIES, LLC,

      Plaintiff,

v.

WESTFAX INC, *et al.*,

      Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER (DKT. 72)

---

      This matter is before the Court on Plaintiff Astro Companies, LLC's Motion to Reconsider. Dkt. 72. In its Motion, Plaintiff asks this Court to reconsider its Order dismissing this case with prejudice based on the Court's conclusion that online fax service providers such as Plaintiff are not covered by the Telephone Consumer Protection Act (TCPA), 42 U.S.C. § 227(b)(1)(c). For the following reasons, the Motion is DENIED.

### MOTIONS TO RECONSIDER

      "The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Rivera v. Exeter Finance Corp.*, no. 15-cv-01057-PAB-MEH, 2019 WL 6173666, at *1 (D. Colo. Nov. 19, 2019) (citing *Hatfield v. Bd. of Cty. Comm' rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995)). The bases for granting

reconsideration are extremely limited: "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). These motions are committed to the trial court's discretion. *See Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997).

## ANALYSIS

In its Motion, Plaintiff argues this Court clearly erred in its Order because it (1) lacked jurisdiction to rule on the issue; (2) erred in relying on *In the Matter of Amerifactors Fin. Grp., LLC,* 34 F.C.C. Rcd. 11950 (2019) and *In re Joseph T. Ryerson & Son, Inc. Petition for Declaratory Ruling,* 35 F.C.C. Rcd. 9474 (2020); and (3) erred in its statutory interpretation. None of these arguments articulate grounds warranting reconsideration.

To begin, this Court did not rely on or consider itself bound by *Amerifactors* or *Ryerson.* To be sure, the Court was quite specific that its holding was based entirely on its interpretation of the statutory language of the TCPA. Dkt. 70, pp.4-6. The Court cited *Amerifactors* and *Ryerson* because those analyses supported the Court's conclusions and because the Court found them to be thoughtful and persuasive. *Id.*

2

at p.6 ("Although the Court *relies only on the statutory language for its analysis*, its conclusions are buttressed by" *Amerifactors*.) (emphasis added).

Furthermore, the Court did in fact have jurisdiction to rule on this matter. Indeed, the Supreme Court recently confirmed this in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 162 (2025). There, the Supreme Court reiterated that in an enforcement proceeding, "[d]istrict courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *Id.* at 155 (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 402 (2024)). And the Supreme Court specifically rejected the argument that the Hobbs Act binds district courts to an agency's interpretation of a statute in civil enforcement proceedings.[1] *Id.* at 168 (the Hobbs Act is silent on judicial review in enforcement proceedings, and therefore, courts must independently determine whether the agency's statutory interpretation is correct).

Plaintiff's remaining arguments are based on its disagreement with the Court's statutory analysis and ultimate conclusion. While thoughtfully presented, such arguments are not an appropriate basis for reconsideration because they were or could have been made in the briefing regarding the Motion to Dismiss.

---

[1] And even if the Court were obligated to follow agency interpretations, the 2003 FCC decision upon which Plaintiff relies does not address online fax services like those implicated in this matter. Indeed, the purpose of *Amerifactors* was to clarify that very issue.

3

\*    \*    \*

Because Plaintiff has not cited any intervening change in the controlling law, new facts that were previously unavailable, or clear error resulting in manifest injustice, the Motion to Reconsider is respectfully DENIED.[2]

DATED: February 9, 2026.

BY THE COURT:

_____
S. Kato Crews
United Stated District Judge

---

[2] In its Notice of Supplemental Authority, Plaintiff requests permission to file a new motion for reconsideration or amended complaint in light of the Supreme Court's ruling in *McLaughlin Chiropractic Assoc. v. McKesson Corp.* 606 U.S. 146, 162 (2025). Dkt. 78. This is not an appropriate way to seek such relief. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document.").

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

M

        Plaintiff(s),

v.

    ,

        Defendant(s).

---

### NOTICE OF APPEAL FROM FINAL JUDGMENT

---

Astro Companies, LLC, Plaintiff in the above-named case, appeals to the United States Court of Appeals for the Tenth Circuit from the following orders and final judgment entered by District Judge S. Kato Crews in this action:

1. The Order entered on February 12, 2025 granting Defendant Chad Matheson's Motion to Dismiss and dismissing the case with prejudice.

2. The Order entered on February 9, 2026 denying Plaintiff's Motion to Reconsider the dismissal with prejudice, which was timely filed on March 7, 2025.

Dated   <u>  March 6, 2026  </u> .

 

<u> /s/ Ross M. Good </u>
Signature

<u> Ross M. Good </u>
Printed Name

<u> 800 E. Northwest Hwy. Ste 814 </u>
Street Address

<u> Palatine        IL      60074 </u>
City        State      Zip

<u> (847) 600-9576 </u>
Telephone Number